UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **ALBERT DUPLANTIS** | **CASE NO. 2:22-CV-04890** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **STATE FARM FIRE AND CASUALTY COMPANY ET AL** | **MAGISTRATE JUDGE DAVID J. AYO** |

## MEMORANDUM RULING

Before the Court is a "Motion for Summary Judgment filed by Dover Bay Specialty Insurance Company, State Farm Fire and Casualty and State Farm General Insurance Company on the Issue of No Policy Issued by Defendants" (Doc. 8).[1] As of this date, there has been no opposition filed by Plaintiff and the time for doing so has lapsed.

## FACTUAL STATEMENT

Defendants, State Farm Fire and Casualty Company, State Farm General Insurance Company and State Farm Mutual Automobile Insurance Company did not issue property insurance to Albert Duplantis for property located at 4828 Gentilly Street, Lake Charles, Louisiana, 70607 that was in effect when Hurricane Laura made landfall on August 27, 2020, and Hurricane Delta made landfall on October 9, 2020.

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially

---
[1] Defendant's exhibit B, Affidavit of Lisa Michele Deen, ¶ ¶ 53 and 54.

responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## LAW AND ANALYSIS

Defendants move to dismiss the instant lawsuit because there was no policy of insurance issued by Defendants, State Farm Fire and Casualty Company, State Farm General Insurance Company and State Farm Mutual Automobile Insurance Company for property allegedly owned by Albert Duplantis located at 4828 Gentilly Street, Lake Charles, Louisiana, 70607 that was in effect when Hurricane Laura made landfall on August 27, 2020, and Hurricane Delta made landfall on October 9, 2020.

As previously noted, Plaintiff has filed no opposition and thus there is no genuine issue of material fact for trial.

## CONCLUSION

For the reasons explained herein, the Motion for Summary Judgment filed by Defendants, State Farm Fire and Casualty Company, State Farm General Insurance Company and State Farm Mutual Automobile Insurance Company will be granted dismissing this lawsuit with prejudice.

**THUS DONE AND SIGNED** in Chambers on this 30th day of April, 2024.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**